# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

ELMER RENE RAMIREZ-ANAYA,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. 2:26-cv-01057-RFB-EJY

**ORDER APPOINTING COUNSEL**

Petitioner Elmer Rene Ramirez-Anaya, an immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) [hereinafter, "Petition"], a motion for leave to proceed *in forma pauperis* (ECF No. 1) [hereinafter, "IFP Application"], and a motion for appointment of counsel (ECF No. 1-2). Through them, Petitioner challenges the lawfulness of their ongoing detention at Nevada Southern Detention Center in the custody of Federal Respondents.

Initially, the Court finds that good cause exists to grant Petitioner's IFP Application. As such, **IT IS HEREBY ORDERED** the IFP Application (ECF No. 1) is **GRANTED**.

Additionally, the Court finds that the appointment of counsel is in the interest of justice, as this case necessarily implicates a complex[1] web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020) (describing the Immigration and Nationality Act as: a "morass;" a "Gordian knot;" and "King Minos's labyrinth in ancient Crete") (citations omitted). Accordingly, **IT IS FURTHER ORDERED** Petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is **GRANTED**.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). Indeed, the Court may appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; see also Chaney, 801 F.2d at 1196.

The Federal Public Defender for the District of Nevada ("FPD") is **HEREBY APPOINTED** to represent Petitioner and is directed to file a notice of appearance by **April 9, 2026**. **IT IS FURTHER ORDERED** Petitioner, with the assistance of counsel, must file an amended petition for a writ of habeas corpus by **April 21, 2026**. Alternatively, the FPD may notify the Court that it is unable to represent Petitioner. If the FPD is unable to represent Petitioner based on a conflict of interest, or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw. Based on the foregoing, **IT IS FURTHER ORDERED** that the Clerk of the Court will send a copy of this Order to the FPD and the CJA coordinator for this division.

Furthermore, the Court has reviewed the Petition (ECF No. 1-1) and finds that Petitioner may be a member of the Jacobo Ramirez Class and may, therefore, be entitled to relief pursuant to the Court's class-wide grant of partial summary judgment. See generally Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026). Accordingly, Petitioner should indicate whether they are asserting class membership through their amended petition.

Moreover, the Court finds that ordering Respondents to produce documents relevant to the lawfulness of Petitioner's detention is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969). Critically, a detained habeas petitioner "is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in [their] petition . . . and a habeas corpus proceeding must not be allowed to founder in a 'procedural morass.'" Id. at 291–92 (citation omitted). Accordingly, pursuant to Rule 6 of the Rules Governing § 2254 Cases—which the Court, in its discretion, applies to this § 2241 matter, see § 2254 Rule 1(b)—the Court finds good cause to order Federal Respondents to produce relevant documents in their possession, custody, or control. Therefore, **IT IS HEREBY ORDERED** that on or before **April 10, 2026**, Federal Respondents must **PRODUCE** the following documents to Petitioner's Counsel: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of

Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, Federal Respondents must **CERTIFY** that the listed documents are not in their custody or control.

In order to preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Respondents shall not remove Petitioner from this judicial district, absent leave of this Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act, which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over their claims and with the Court's ability to expeditiously resolve this case and provide appropriate relief. The Court thus finds this Order is warranted to maintain the *status quo* while the Court adjudicates Petitioner's claims.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and

Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to Counsel for Respondent John Mattos at ahesman@strucklove.com.

3. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Respondent John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

**DATED:** April 7, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**